Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, Florida 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Proposed Classes*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REGINA WILLIAMSON,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>**BENYAMIN HASSIDIM**, a California resident, and **OFIR CHANAEL**, a California resident,<br><br>*Defendants*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Regina Williamson ("Plaintiff Williamson" or "Williamson") brings this Class Action Complaint and Demand for Jury Trial against Defendant Benyamin Hassidim ("Defendant Hassidim" or "Hassidim") and Defendant Ofir Chanael ("Defendant Chanael" or "Chanael") to stop the Defendants from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls to

consumers without consent including calls to phone numbers that are registered on the National Do Not Call registry ("DNC") and to consumers who have expressly requested that the calls stop. Plaintiff Williamson, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1.    Plaintiff Williamson is a resident of Los Angeles, California.

2.    Defendant Benyamin Hassidim is a resident of California who resides in Los Angeles, California. Hassidim is the co-owner/founder of Triangle Construction.

3.    Defendant Ofir Chanael is a resident of California who resides in Los Angeles, California. Chanael is the co-owner/CEO of Triangle Construction.

## JURISDICTION AND VENUE

4.    This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5.    This Court has personal jurisdiction over the Defendants because the Defendants reside in and transact business in this District.

6.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Triangle Construction has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District and into this District where Plaintiff resides.

## INTRODUCTION

7.     As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

8.     When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9.     By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10.    The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11.     According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in November 2023 alone, at a rate of 150.2 million per day. www.robocallindex.com (last visited January 1, 2024).

12.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

# COMMON ALLEGATIONS

15.    Triangle Construction is a southern California construction company that does remodeling and repair projects for consumers.[3]

16.    Benyamin Hassidim is the founder of Triangle Construction.[4]

17.    Ofir Chanael is the CEO of Triangle Construction.[5]

18.    Hassisim and Chanael are the co-owners of Triangle Construction.[6]

19.    The Defendants generate business through a call center at Triangle Construction that places cold calls to consumers.

20.    The Defendants direct their staff to place unsolicited telemarketing calls to phone numbers that are registered on the DNC, as per Plaintiff's experience.

21.    To make matters worse, the Defendants continue to place calls to phone numbers that are registered on the DNC despite being told to stop calling.

22.    A former Triangle Construction employee posted a job review online complaining about the telemarketing calls they placed, specifically referencing home owners who hate the people that are calling because they have received so many calls:

---

[3] https://www.triusa.biz/
[4] https://www.triusa.biz/our-team.html
[5] Id.
[6] https://www.angi.com/companylist/us/ca/culver-city/triangle-construction-reviews-337335.htm



**3.0** **Place to make money**
★★★☆☆ Direct sales team member (Former Employee) - Culver City, CA - July 6, 2023

> **Indeed Featured review**
> The most useful review selected by Indeed

What is the best part of working at the company?
Time off they drive u crazy by keep calling the same people you have in the past

What is the most stressful part about working at the company?
That your calling v he same ppl

What is the work environment and culture like at the company?
The lack of promablltybu get hired in at one spot you don't move

What is a typical day like for you at the company?
Calling home owners who hate you                                          7

23.    To avoid being identified for its unlawful telemarketing practices, the Defendants direct their employees to either not provide a company name when they call consumers, or provide a fake company name. In addition, they use spoofed phone numbers that cannot be called back, as per Plaintiff's experience.

24.    Consumers have posted many complaints online about unsolicited telemarketing calls that they received from Triangle Construction, including complaints from consumers who received calls after asking for the calls to stop, including:

- "I have received **numerous unsolicited calls** from telemarketers claiming to work for this business even though the number is on the FTC do not call list and **requests have been made to stop calling**."[8] (emphasis added)

- "I wish I could give them zero stars. They have horrible telemarketing practices and **keep calling on almost a daily basis even though we have**

---

[7] https://www.indeed.com/cmp/Triangle-Construction/reviews
[8] https://www.yelp.com/biz/triangle-construction-culver-city-2

CLASS ACTION COMPLAINT
-6-

*asked multiple times to remove us from the call list*. We have reported them to the FTC. We would never consider using a company like this."[9] (emphasis added)

- "Based on the Their Telemarketing Ethics, I Wouldn't Have Them Build a Dog House
  These morons *call me once a day, every day. I'm on the 'Do Not Call' list and have asked them to honor this*. One idiot said he would 'but it would cost me $100, do I want to pay with Visa or Mastercard?'
  That's the ethics of these guys. If you want to use them for your home construction project, then just imagine the job they would do, what it would cost you, and the phone calls would probably double up.
  Run Away From Triangle Construction!"[10] (emphasis added)

- "I do not recommend this company. I disapprove of their telemarketing practices. I hope the negative reviews posted here get the attention they deserve."[11]

- "So I get a cold call from them and they kept asking me questions without answering my questions. Finally the idiot tells me the name and what they do, so I blasted my air horn in the phone and said 'did you get that?' He replied 'get what?' How stupid can you be?? Now here's the best part- I don't own a home! If I would've said I'm not a homeowner he would've hung up on me. WHO WOULD EVER DO BUSINESS WITH A COMPANY LIKE THAT???"[12]

- "I am being harassed by this company multiple times a day, everyday after *I've told them many times to remove my number from their auto dialing phone system. I am on a do not call list*."[13] (emphasis added)

- "We have *asked them multiple times to remove us from their call list but they continue to call us several times a week*. We have reported them to the FTC, and would never do business with a company that has telemarketers who tell you 'no' when you ask them to remove you from their list. I hope they get caught and fined."[14] (emphasis added)

---

[9] Id.
[10] Id.
[11] Id.
[12] https://www.google.com/search?q=800-615-7737
[13] Id.
[14] Id.

- "I just received a unsolicited sales call from someone identifying themselves as a representative of this company 'triangle construction'. After answering the question whether I needed work done the rep. continued to pester me to make an appointment for a estimate. Once I notified him that the call was illegal because I am on the 'do not call registry' did not ask to be called and have never done business with this company…"[15]

- "Triangle Contruction harass' through cold calls solicitations. ***NOT RECOMMENDED***"[16]

25.    Defendant uses the predictive dialer system created by DialersPro.

26.    In fact, Benyamin Hassidim, acting as the owner of Triangle Construction left a review on the DialersPro.com website stating:

"We got the cluster option from DialersPro because we looked for flexibility at a fixed price. Their dialer cluster supports anywhere between 5 to 60 telemarketers at once under one dialer interface. One place to manage our campaigns and listings for different telemarketer rooms. We are not limited to four lines per agent as with cloud based alternatives and can dial at a speed that we choose and control. The cluster can reach 3-5 seconds waiting time between live calls. If you looking to save you can purchase the system instead of pay a monthly payment per seat. We calculated the expenses and figured that if we buy the system with our current amount of telemarketers we will start saving after a year. And when we will be ready to increase the amount of our telemarketers it won't cost us a dime."[17]

27.    Hassidim is aware of the telemarketing practices Triangle Construction engages in to generate business. In 2012, an article was posted in the Orange County Register detailing a $785 fine that Hassidim had to pay to a consumer who alleged that he received unsolicited telemarketing calls.[18]

---

[15] Id.
[16] Id.
[17] https://www.dialerspro.com/Testimonials.php
[18] https://www.ocregister.com/2012/04/05/telemarketer-pays-785-for-wrong-call/

28.     Hassidim and Chanael are listed as the founders of Crown Home Center,[19] another renovation company located in Los Angeles, California.

29.     As will be shown, Plaintiff Williamson received at least one unsolicited call from the Defendants, from Crown Home Center.

30.     In 2022, a TCPA case alleging unsolicited telemarketing was brought against Crown Home Center. This case also named Ofir Chanael as a Defendant.[20]

31.     Hassidim and Chanael are aware and ratify the telemarketing that Triangle Construction engages in to generate business.

32.     Consumers have posted complaints about unsolicited telemarketing calls that they received on the Angi.com listing for Triangle Construction where representatives of Triangle Construction have responded to negative feedback directly.[21]

33.     In response to these calls, Plaintiff Williamson brings forward this case seeking injunctive relief requiring the Defendants to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

---

[19] https://www.crownhomecenter.com/team
[20] Case number: 2:22-cv-00593
[21] https://www.angi.com/companylist/us/ca/culver-city/triangle-construction-reviews-337335.htm

CLASS ACTION COMPLAINT
-9-

## PLAINTIFF WILLIAMSON'S ALLEGATIONS

34.     Plaintiff Williamson and her husband are the sole owners and users of their residential phone number ending in 5084.

35.     Plaintiff Williamson registered her residential phone number on the DNC on August 13, 2003.

36.     Plaintiff Williamson uses her residential phone number for personal use only. It is not associated with a business.

37.     The calls that Plaintiff Williamson received from Triangle Construction were all received more than 31 days after Plaintiff registered her residential phone number on the DNC and all calls were received in California to her phone numbers with a California area code.

38.     Throughout November and January of 2024, Plaintiff Williamson has received unsolicited calls from the Defendants, despite multiple requests for the calls to stop.

39.     On November 24, 2023, Plaintiff Williamson received an unsolicited call from the Defendants to her residential phone, from 951-569-0409 before 9:00 AM.

40.     When Plaintiff answered the call, an employee claimed that he was working for a family builder's company, without providing a specific company name, soliciting remodeling/repair services.

41.    Plaintiff told the employee to stop calling her residential phone number, as the same callers had called for 4 days in a row, all before 9:00 AM.

42.    On December 5, 2023 around 3:00 PM, Plaintiff Williams received another unsolicited call to her residential phone from the Defendants, from 626-521-5852.

43.    When Plaintiff answered this call, an employee claimed that he was with a home remodeling company located in Culver City.

44.    As she did many times before, Plaintiff asked the employee to stop calling her residential phone number.

45.    Triangle Construction is located in Culver City, California,[22] as per the call that is mentioned above.

46.    On December 10, 2023 at 8:18 AM, Plaintiff Williams received 3 back-to-back calls from the Defendants to her residential phone, from 951-569-0409.

47.    This is the same phone number Triangle Construction used to call Plaintiff Williamson on November 24, 2023.

48.    Plaintiff did not answer these calls because she recognized the phone number.

49.    Plaintiff then received multiple calls to her residential phone number from the Defendants from 213-451-5236.

---

[22] https://www.triusa.biz/google-contact.html

CLASS ACTION COMPLAINT
-11-

50.    On December 19, 2023, Plaintiff Williamson received a call to her landline from the Defendants, from 213-451-5236.

51.    Plaintiff answered this call and was again told that the caller was with a family remodeling company. The caller's name was Reneta.

52.    Plaintiff asked Reneta for a company name, but Reneta claimed there wasn't one.

53.    On December 20, 2023, Plaintiff Williams received an unsolicited call to her residential phone number, from the Defendants, from 424-451-6914.

54.    When Plaintiff answered this call, an employee claimed that he was calling from Crown Builders and asked if he reached the Williamson home.

55.    Plaintiff told the employee that she would report the call, so he hung up.

56.    Defendant Triangle Construction also does business as Crown Home Center, Inc.

57.    The registered agent/manager of Crown Home Center is Ofir Chanael,[23] a co-founder of Triangle Construction.[24]

---

[23] https://bizfileonline.sos.ca.gov/search/business
[24] https://www.triusa.biz/our-team.html

CLASS ACTION COMPLAINT
-12-

58.     Later in the day on December 20, 2023, Plaintiff Williams received an unsolicited call to her residential phone number, from the Defendants, from 626-880-2687.

59.     When Plaintiff answered this call, an employee named AJ began a sales pitch for home remodeling/repairs.

60.     Plaintiff asked for a callback number and was told she should call 800-615-7737.

61.     800-615-7737 is the main phone number for Triangle Construction:

25

62.     Plaintiff Williamson has received additional unsolicited calls from the Defendants through January 2024.

63.     Plaintiff Williamson has never done business with Triangle Construction.

64.     Plaintiff Williamson was not looking to renovate any part of her home and was not looking for repair services.

---

25 https://www.triusa.biz/our-team.html

65.     The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of the Defendants have harmed Plaintiff Williamson in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

66.     The calls also caused undue distress as Plaintiff was unable to get the calls to stop by asking Triangle Construction, under the direction of the Defendants to stop calling her residential phone number.

67.     Seeking redress for these injuries, Plaintiff Williamson, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

68.     Plaintiff Williamson brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Triangle Construction called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Triangle Construction called Plaintiff.

> **Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Triangle Construction called more than one time on their residential telephone number, (2) within any 12-month period (3) for substantially the same reason Triangle Construction called Plaintiff, (4) including at least once after the person requested that they stop calling.

69.    The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) the Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants have been fully and finally adjudicated and/or released. Plaintiff Williamson anticipates the need to amend the Class definition following appropriate discovery.

70.    **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

71.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)    Whether Defendants' conduct violated the TCPA;

(b)     Whether Triangle Construction placed multiple calls within a 12-
        month period to Plaintiff and other consumers whose telephone
        numbers were registered with the DNC for at least 30 days of the time
        of each call;

(c)     whether Triangle Construction engaged in telemarketing without
        implementing adequate internal policies and procedures for
        maintaining an internal do not call list;

(d)     whether members of the Classes are entitled to treble damages based
        on the willfulness of Defendants' conduct.

72.    **Adequate Representation**: Plaintiff Williamson will fairly and
adequately represent and protect the interests of the Classes, and has retained counsel
competent and experienced in class actions. Plaintiff Williamson has no interests
antagonistic to those of the Classes, and the Defendants have no defenses unique to
Plaintiff. Plaintiff Williamson and her counsel are committed to vigorously
prosecuting this action on behalf of the members of the Classes, and have the
financial resources to do so. Neither Plaintiff Williamson nor her counsel have any
interest adverse to the Classes.

73.    **Appropriateness**: This class action is also appropriate for certification
because the Defendants acted or refused to act on grounds generally applicable to
the Classes and as a whole, thereby requiring the Court's imposition of uniform relief

to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Williamson. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Williamson and the Do Not Call Registry Class)**

74.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

75.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone

solicitations that is maintained by the federal government."

76.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

77.    The Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Williamson and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

78.    The Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff Williamson and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendants in violation of 47 C.F.R. § 64.1200, as described above.

79.    As a result of Defendants' conduct as alleged herein, Plaintiff Williamson and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages

for such violations of 47 C.F.R. § 64.1200.

80.    To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## SECOND CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Williamson and the Internal Do Not Call Class)

81.    Plaintiff repeats and realleges paragraphs 1-73 of this Complaint and incorporates them by reference herein.

82.    Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the

subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

83.    The Defendants placed calls to Plaintiff and members of the Internal

Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow the Defendants to initiate telemarketing calls.

84.    The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

85.    The Defendants have, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendants' conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a)    An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendants' actions, as set out above, violate the TCPA;

d) An injunction requiring the Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Williamson requests a jury trial.

**REGINA WILLIAMSON**, individually and on behalf of all others similarly situated,

DATED this 8th day of August, 2024.

By: /s/ *Rachel E. Kaufman*
Rachel Elizabeth Kaufman
Kaufman P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
(305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Classes*

CLASS ACTION COMPLAINT
-22-